**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| REYNALDO ROSARIO, | : | |
| | | Civil Action No. 08-5170 (JBS) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| UNITED STATES OF AMERICA, | : | |
| | | |
| Respondent. | : | |

**APPEARANCES**:

Petitioner <u>pro</u> <u>se</u>
Reynaldo Rosario
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE**, District Judge

Petitioner Reynaldo Rosario, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition, pursuant to 28 U.S.C. § 1651,[1] the All Writs Act, for a writ of <u>audita</u> <u>querela</u>. The sole respondent is the United States of America.

Because it is apparent that Petitioner is not entitled to issuance of the writ, this Court will deny the Petition.

---

[1] Section 1651 provides, in relevant part:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

I.   BACKGROUND

This Court sentenced Petitioner to a 327-month sentence, based upon his plea of guilty to possession with intent to distribute cocaine.  See United States v. Rosario, Criminal Action No. 93-0197 (D.N.J.).

Petitioner previously filed a motion to vacate, set aside, or correct the sentence, under 28 U.S.C. § 2255, which was denied by the Honorable Alfred M. Wolin, of this Court, on March 7, 2001.  Rosario v. United States, Civil Action No. 00-4239 (D.N.J.).

Thereafter, Petitioner filed a Moion to Re-open pursuant to Rule 60(b), which was denied by the Honorable Faith S. Hochberg, of this Court, on August 29, 2006, on the grounds that the Motion constituted a second or successive § 2255 motion which had not been certified by the Court of Appeals for the Third Circuit. Id.

On November 2, 2006, the Court of Appeals for the Third Circuit denied Petitioner's application to file a second or successive § 2255 motion, in which he sought to assert the rules announced in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 5t43 U.S. 220 (2005),[2] as grounds for

---

[2] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), pursuant to the Fourteenth Amendment right to due process, coupled with the Sixth Amendment right to trial by jury, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime

2

relief.  The Court of Appeals denied leave to file a second § 2255 motion because the Supreme Court had not made Blakely or Booker retroactively applicable to cases on collateral review. In re Rosario, No. 06-4326 (3d Cir.).

Petitioner next filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, asserting that he was being confined illegally, in violation of the Eighth Amendment right to be free from cruel and unusual punishment, because the sentence that should have been imposed, in light of the later Blakely and Booker decisions, should have expired by then.  That petition was dismissed for lack of jurisdiction or, in the alternative, denied as meritless.  See Rosario v. Groneousky, Civil Action No. 07-5173 (D.N.J.).

Petitioner then filed a second petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his sentence on the following grounds: (1) Petitioner could not speak or read English at the time he committed the crime; (2) Petitioner was

---

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  542 U.S. at 302 (internal quotations omitted).  Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the United States Sentencing Guidelines, finding the Guidelines unconstitutional, and rendering them merely advisory, rather than mandatory.

not predisposed to sell cocaine but was entrapped in violation of the Fifth Amendment; (3) Petitioner's defense attorney provided constitutionally ineffective assistance by failing to develop the entrapment defense; and (4) Petitioner was denied his due process right to see the Pre-Sentence Investigation Reports in his case. That petition was dismissed for lack of jurisdiction.  See Rosario v. United States, Civil Action No. 07-5345 (D.N.J.).

Here, Petitioner moves this Court to issue a writ of audita querela on the grounds that the judicial fact-finding in Petitioner's sentencing violated the rule announced in Booker.[3]

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus or other petition if it appears from the face of the petition that the petitioner is not entitled to

---

[3] Petitioner has specifically stated that he does not wish this Petition to be construed as a petition for writ of habeas corpus under § 2241.

relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United Staes v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  A one-year period of limitations applies to § 2255 motions.  See 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting resort to § 2241, a statute without timeliness or successive petition limitations, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the prisoner's] detention."  See 28 U.S.C. § 2255(e).  In Dorsainvil,

the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy,

6

not the personal inability to use it, that is determinative." Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

The All Writs Act is a residual source of authority to issue writs in exceptional circumstances only.  Pennsylvania Bureau of Correction v. U.S. Marshals Serv., 474 U.S. 34, 34 (1985).  The Court of Appeals for the Ninth Circuit has held that, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."  United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (2001), quoted with approval in Hazard v. Samuels, 206 Fed.Appx. 234, 236 (3d Cir. 2006) and United States v. Reaves, 177 Fed.Appx. 213, 213 (3d Cir. 2006).  See also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding a writ of audita querela unavailable where relief is cognizable under § 2255).  See also United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (Section 2255 is not rendered "inadequate or ineffective," thereby enabling resort to a writ of

7

error coram nobis, by the mere fact that the prisoner cannot meet the stringent standards for filing a second or successive § 2255 motion).

The claim presented here, that the sentencing court engaged in judicial fact-finding in connection with Petitioner's sentencing, is a quintessential § 2255 claim.  Petitioner has not established that § 2255 is inadequate or ineffective to test the legality of his detention.  Indeed, he has previously filed a § 2255 motion, and both this Court and the Court of Appeals for the Third Circuit have previously determined that Petitioner has not established that § 2255 is inadequate or ineffective with respect to Petitioner's claim.  Petitioner may not use § 1651 to avoid the gatekeeping requirements of § 2255 in order to assert a Booker claim.  See Shelton v. United States, 201 Fed.Appx. 123, 2006 WL 2917553 (3d Cir. 2006); United States v. Hannah, 174 Fed.Appx. 671, 2006 WL 655083 (3d Cir. 2006).  The Petition will be denied.

## IV.  CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.


                                        **s/ Jerome B. Simandle**
                                        Jerome B. Simandle
                                        United States District Judge

Dated:  **April 27, 2009**